UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGLIN TRUST #17692,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD H. WHITE, et al.,<br><br>　　　　　　　Defendants. | Case No. SA CV 15-0218 DOC (JCG)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

　　The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

　　On February 9, 2015, Defendant Ronald H. White, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed *in forma pauperis*. [Dkt. Nos. 1, 4.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

　　Simply stated, Plaintiff could not have brought this action in federal court in the first place, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar*

1

*Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state.  (*See* Notice at 16, ¶ 79); 28 U.S.C. § 1441(b)(2).

Thus, there is no basis for removal under 28 U.S.C. § 1441.

Separately, Defendant contends that removal is proper under 28 U.S.C. § 1443(1).  (Notice at 2-4.)  As a rule, a successful petition for removal under 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Defendant's Notice fails to satisfy either requirement.  First, Defendant fails to identify a right given to him "by explicit statutory enactment protecting equal racial civil rights." *See id.*  Second, Defendant fails to identify a California state law or constitutional provision that purports to command state courts to ignore any such federal right. *See id.*; *see also, e.g.*, *HSBC Bank USA, N.A. v. Kubik*, 2013 WL 1694670, at *2-3 (C.D. Cal. Apr. 16, 2013).

Thus, there is no basis for removal under 28 U.S.C. § 1443(1).

//
//
//
//
//
//
//

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2  Superior Court of California, County of Orange, Central Justice Center, 700 Civic
3  Center Drive West, Santa Ana, CA 92701, for lack of subject matter jurisdiction
4  pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the
5  state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: February 17, 2015

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE